**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARCUS MAY, | No. 12-16448 |
| Plaintiff - Appellee, | D.C. No. 3:11-cv-02204-JCS |
| v. | |
| AT&T UMBRELLA BENEFIT PLAN NO. 1, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Joseph C. Spero, Magistrate Judge, Presiding

Argued and Submitted August 13, 2014
San Francisco, California

Before: KOZINSKI, Chief Judge, and McKEOWN and CLIFTON, Circuit Judges.

AT&T Umbrella Benefit Plan No. 1 appeals the district court's grant of

summary judgment in an ERISA action filed by Marcus May. AT&T argues that

its third-party benefits administrator, Sedgwick, did not abuse its discretion in

terminating May's short term disability benefits because May failed to carry his

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

burden of proving disability. AT&T also argues that, even if the termination was improper, the district court abused its discretion in remanding for an award of benefits as opposed to further proceedings. We affirm.

Based on our own review of the record, we are "left with a definite and firm conviction that a mistake [was] committed," when Sedgwick terminated May's short-term disability benefits. *See Salomaa v. Honda Long Term Disability Plan*, 642 F.3d 666, 676 (9th Cir. 2011). May's treating physicians reported that he was unable to work at his current job, which required him to be on his feet for eight hours a day. A request that he be permitted to sit in a chair during part of that time was rejected by his employer. The reports of May's treating physicians were corroborated by at least one piece of objective medical evidence in the record, the MRI. The MRI report confirmed irregularities that "[c]orrelate with clinical findings," referring to the findings of May's treating physicians.

In denying May's administrative appeal, Sedgwick primarily relied on the opinion of Dr. Andrews, a physician who reviewed May's file. Dr. Andrews rejected the doctors' certificates and MRI results without sufficient explanation. Dr. Andrews disagreed as to the conclusion to be drawn from the MRI; he explained his disagreement by stating that the MRI did not demonstrate "significant damage in his knee other than his chronic arthritis." He thereafter

2

opined that May should "certainly" be able "to work in his regular unrestricted job." But pain caused by arthritis could very well have prevented May from standing eight hours per day, and there is nothing in the benefits plan that excluded the effects of arthritis.

The conclusion that May should be able to work at his regular unrestricted job was "without support in inferences that may be drawn from the facts in the record." *Salomaa*, 642 F.3d at 676. It was also offered without affording May a reasonable opportunity to provide the updated treatment notes necessary to perfect his claim. *See Saffon v. Wells Fargo & Co. Long Term Disability Plan*, 522 F.3d 863, 870 (9th Cir. 2008) (administrator must have a "meaningful dialogue" with claimant). Dr. Andrews did not examine May, and Sedgwick declined to request its own examination. Dr. Andrews demanded responses by May's treating physicians to his inquiries within 24 hours, and he offered no explanation for his rejection of their conclusion that May could not work at his job, other than the description of the MRI report findings noted above.

Because Sedgwick relied on Dr. Andrews' report in upholding its denial of benefits, the appeal denial was not "grounded on *any* reasonable basis," and as such, it was an abuse of discretion. *Montour v. Hartford Life & Accident Ins. Co.*,

3

588 F.3d 623, 629 (9th Cir. 2009). We therefore affirm the district court's grant of summary judgment to May.

A district court's decision to remand for reinstatement of benefits rather than further proceedings is reviewed for an abuse of discretion. *Grosz-Salomon v. Paul Revere Life Ins. Co.*, 237 F.3d 1154, 1163 (9th Cir. 2001). We find no abuse of discretion in the district court's order remanding for an award of benefits retroactive to the effective date of denial for the full 22-week period for which benefits would have been available.

May's motion to substitute Sara May, the mother of Marcus May, as Plaintiff-Appellee in the place of Marcus May is **GRANTED**.

**AFFIRMED**.